UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE, Plaintiff | ) |
| v. | ) No. 2:25-cv-00227-LEW |
| SARAH L. JONES, Defendant | ) |

**JUDGMENT OF FORECLOSURE AND ORDER OF SALE**
**(Title to Real Estate Involved)**
**Mortgage Recorded in Lincoln County Registry of Deeds in Book 2167, Page 137**
**Street Address: 641 North Mountain Road, Jefferson, ME 04348**

This matter came on before the Court upon the Motion for Default Judgment (the "Motion") filed by Plaintiff United States Department of Agriculture (the "Plaintiff") seeking judgment by default against Defendant Sarah L. Jones (the "Defendant"). Upon consideration of the Motion and other filings in this case, this Court finds as follows:

1. Pursuant to 14 M.R.S. § 2401(3), this Court finds that:

   a. The names and addresses of the parties and counsel of record are as follows:

| Party | Counsel |
|---|---|
| United States Department of Agriculture<br>P.O. Box 66827<br>St. Louis, MO 63166. | Stephean C. Chute, Esq., Bar No. 06828<br>Braucher & Associates, PLLC<br>764 Chestnut Street, Suite 1<br>Manchester, NH 03104 |
| Sarah L. Jones<br>502 North Clary Road<br>Jefferson, ME | None of record |

b. The docket number of this case is **2:25-cv-00227-LEW.**

c. Service of the documents required by Fed. R. Civ. P. 4(e)(1) was made in hand upon the Defendant, and the Defendants have received notice of this action in accordance with the Maine Rules of Civil Procedure. Me. R. Civ. P. 4(c)(2).

d. The property upon which Plaintiff seeks to foreclose in this case (the "Property") is adequately described in ¶ 3(m) below.

2. Defendant Sarah L. Jones was served on or about March 20, 2025, by certified mail with the statutory notice, *see* 14 M.R.S.A. § 6111, of her default and right to cure, which notice set out the default under terms of the Promissory Note and Mortgage:

a. Defendant defaulted upon the terms of the Loan as evidenced by the Promissory Note on May 12, 2011, by failure to make the payments when due;

b. Notice was made to the Defendant of the default and right to cure the default by April 29, 2025;

c. As of the date of the § 6111 Notice Of Default And Right To Cure, the amount needed to cure the default was $131,505.97 which was itemized as follows:

| | |
|---|---|
| Past due payments of principal, interest and escrows: | $99,336.80 |
| Preservation and inspection fees: | $30,099.17 |
| Late Charges: | $0.00 |
| Attorney's Fees and Costs: | $2,020.00 |
| Less Subsidy: | $0.00 |
| TOTAL CURE AMOUNT | $131,505.97 |

d. Upon qualified testimony and the record within this Court, Defendant failed to make a cure of the default.

3. On September 24, 2025, the Clerk entered default against the Defendant because of her failure to appear, plead or otherwise defend this action.

4. By virtue of the default, the following allegations of the Complaint are established as facts:

a. Defendant is an individual residing at 502 North Clary Road, Town of Jefferson, County of Lincoln, and State of Maine;

b. This is an action for foreclosure and sale respecting the real property located at or about 641 North Mountain Road, Town of Jefferson, County of Lincoln, and State of Maine (the "Property");

c. On or about July 12, 1996, Defendant executed and delivered a promissory note (the "Note") to the Plaintiff in the original principal amount of $69,000.00;

d. To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendant, on or about July 12, 1996, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents") against the Property (the "Property"). A true copy of the Mortgage is attached as Exhibit 2 to the Complaint;

e. The Mortgage secures the obligations of the Defendant under the terms of the Note;

f. The Property is more particularly described in the Mortgage recorded in Lincoln County Registry of Deeds in Book 2167, Page 137;

g. Under the terms of the Loan Documents, if Borrower defaulted in the payment of the obligations evidenced by the Note and secured by the Mortgage, Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under the Mortgage, to be immediately due and payable in full and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction;

h. Defaults now exist under the terms of the Note in that, among other things, the Defendant failed to make the monthly payment that came due under the Note on May 12, 2011, and all other payments that have come due thereunder;

i. Plaintiff has certified that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same;

j. As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage;

k. The Defendant has been defaulted under Fed. R. Civ. P. 55(b)(2);

l. By virtue of the Borrower's and/or the Defendant's breach of a condition of the Mortgage, the Plaintiff has demanded a foreclosure on the Property;

m. As set forth in the Mortgage attached as Exhibit 2 to the Complaint, the Property is bounded and described as follows:

A certain lot or parcel of land with the buildings thereon, situated in Jefferson, County of Lincoln, State of Maine, more particularly bounded and described as follows, to wit:

Beginning at a point on the Northerly sideline of the Mountain Road at a point located one thousand thirty-seven (1037') feet Westerly as measured along the apparent sideline of the Mountain Road from a stone wall intersection being the Northeasterly corner of Parcel Two as described in a deed of Lynn C. Barnikow to William M. Murphey (Deed Reference: Book 1796, Page 240):

Thence, running Northwesterly at a right angle fifty (50) yards; Thence, running Southwesterly at a right angle fifty (50) yards; Thence, running Southeasterly at a right angle fifty (50) yards; Thence, running Northeasterly at a right angle (50) yards to the point of beginning;

Being a part of the premises conveyed to David J. Hayes et ux by deed of William A. Sleeper, dated April 22, 1958 and recorded in Lincoln County Registry of Deeds, Book 536, Page 517.

The grantees shall have a right of way between the lot herein conveyed and the spring mentioned for use of water from said spring and for purposes of piping same to said lot.

Reference may be had to deed of David J. Hayes et ux to the said Crosby dated May 30, 1958 and recorded in said Registry, Book 536, Page 595.

Also another certain lot or parcel of land in said Jefferson, with the buildings thereon, bounded and described as follows:

Beginning at a point on the north side of the Mountain Road, so-called, at the Southeast corner of land now or formerly of Crosby; Thence, Easterly by and along said road sixty (60') feet to a stake; Thence, Northerly and parallel with land now or formerly of Crosby two hundred (200') feet to a stake; Thence, Westerly and parallel with said Crosby's line two hundred seventy-five (275') feet to a stake for a corner; Thence, Southerly and parallel with Crosby's line two hundred (200') feet to the said Mountain Road; Thence, Easterly by and along said road sixty-five (65') feet to land of said Crosby; Thence, Northerly along land now or formerly of Crosby one hundred fifty (150') feet; Thence, Easterly along land now or formerly of Crosby one hundred fifty (150') feet; Thence, Southerly one hundred fifty (150') feet along land of said Crosby to the Mountain Road and point of beginning.

Being the same premises described in deed of David J. Hayes et ux to the within Grantor dated September 25, 1973 and recorded in said Registry in Book 786, Page 253.

Reference may be had to deed of Kenneth D. Crosby to Marlene A. Crosby dated August 1, 1975 and recorded in said Registry in Book 849, Page 288.

Meaning and intending to convey the same premises described in a deed to David C. Butler from David C. Butler and Cheryl A. Butler dated August 8, 1977, recorded October 11, 1977 in the Lincoln County Registry of Deeds Book 933, Page 215.

Reference may be had to deed from David J. Hayes to David C. Butler and Candace E. Butler dated March 14, 1996, recorded March 19, 1996 in said Registry in Book 2130, Page 250.

RECEIVED LINCOLN SS

5. As of August 25, 2026, the date of hearing, the amount due and owing to the Plaintiff under the terms of the Note and the Mortgage totaled $168,466.07 and consisted of the following:

| | |
|---|---|
| Principal | $54,848.46 |
| Interest to August 25, 2026 | $54,635.45 |
| Other Fees | $58,982.16 |
| TOTAL | $168,466.07 |

These amounts do not include attorneys' fees and costs thus far billed in connection with this current foreclosure action. Additional interest continues to accrue on the principal portion of this balance at the rate of $10.1432 per day after that date.

6. Pursuant to 14 M.R.S. § 1602-B(2), pre-judgment interest is accruing on the principal portion of this balance at the Note rate of 6.75% per year, or $10.1432 per day, from and after January 31, 2025, through the date of this Judgment.

7. Pursuant to 14 M.R.S. § 1602-C, post-judgment interest will accrue upon entry of the Judgment at the rate of 9.51%. Post-judgment interest on any post-sale deficiency will be at the "money judgment" rate set forth in 28 U.S.C.§ 1961.

8. Plaintiff has incurred costs in the amount of $864.07 and costs of $5,100.00 for legal services which is separately supported by the Affidavit of Counsel specifying services, billed hours and rates provided by its counsel in connection with this action. Plaintiff is awarded its additional attorney's fees and costs in the amount of $5,964.07 as due and owing on the Note and Mortgage.

9. Plaintiff's claim for attorney's fees is found pursuant to Federal Rule of Civil Procedure 54(d)(2)(A).

10. The Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security after the date of Judgment, and for any additional costs of sale hereafter incurred.

11. The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST: Plaintiff, by virtue of the Mortgage, in the above amounts and attorney's fees and costs.

SECOND: The surplus, if any, shall be paid to the Clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the Clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S. § 6324.

ACCORDINGLY, it is hereby **ORDERED** that:

A. Unless within ninety (90) days from the date hereof, the Defendant pays Plaintiff the amount owing on the Note and the Mortgage, together with accrued interest and attorney's fees and costs, all as set forth above, the Plaintiff shall sell the Property pursuant to 14 M.R.S.A. §§ 6321 *et seq*. and disburse the proceeds of said sale, after deducting the expenses thereof, in the amounts and priorities as determined above.

B. The Plaintiff is granted exclusive possession of the Property upon expiration of the statutory ninety (90) day redemption period, if it is not redeemed within the time set forth above, as aforesaid.

C. A Writ of Possession shall be issued to the Plaintiff for possession of the Property if it is not redeemed within the time set forth above, as aforesaid.

D. The Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to F.R.Civ.P. 54(b), except as to any additional post-judgment Attorney's fees and

disbursements or additional amounts advanced by Plaintiff related to its mortgage security.

Dated this 11th day of September, 2026. /s/ Lance E. Walker
Chief U.S. District Judge